IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RICKY PRIESTER,** | : | |
| | : | |
| Petitioner, | : | |
| v. | : | Case No.: 5:25-cv-00351-CAR-CHW |
| | : | |
| **CURTIS CARTER, Warden,** | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

# ORDER

Presently pending before the Court is the habeas corpus petition of Petitioner Joshua Cox, an inmate currently incarcerated in Valdosta State Prison, seeking relief pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner is challenging his 2015 convictions in the Superior Court of Upson County, Georgia, for home invasion and impersonating an officer. (*Id*., p. 1). Petitioner is represented by counsel.

It is **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition. If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in

compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF. A copy of this Order shall be served upon Petitioner via counsel through CM/ECF. Petitioner is advised, should he ever become self-represented, that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 26th day of September, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge